UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN MARSHALL,

    Plaintiff,

    v.                                                        CAUSE NO. 3:23-CV-12-RLM-MGG

CROTO and HYATT,

    Defendants.

OPINION AND ORDER

Shawn Marshall, a prisoner without a lawyer, filed a complaint alleging he was removed from the Ramadhan list at the Miami Correctional Facility on April 4, 2022, and was unable to celebrate Ramadhan. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Marshall alleges he was on the Ramadhan list when Ramadhan began in 2022, but Chaplin Croto removed him on the second day because he had been charged with a disciplinary offense. He alleges Warden Hyatt prohibited him from being reinstated to the list. Because he was served meals only during daylight hours rather

than before sunrise and after sunset, he couldn't fast as he was required to celebrate Ramadhan with other Muslim inmates.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. Vinning-El v. Evans, 657 F.3d 591, 592-93 (7th Cir. 2011). Correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. Turner v. Safley, 482 U.S. 78, 89-91 (1987). "[A] law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993). There may have been a legitimate penological objective for removing Mr. Marshall from the Ramadhan list, but it's not self-evident why an inmate charged (or even found guilty) of a disciplinary offense could not be served meals before sunrise and after sunset.

The Religious Land Use and Institutionalized Persons Act affords even broader protections than the First Amendment. However, it only authorizes injunctive relief, not monetary damages. Sossamon v. Texas, 563 U.S. 277, 285 (2011). Because Ramadhan 2022 is over, no injunctive relief is possible.

Mr. Marshall also sues Mike Gapski because he didn't answer his grievance related to this issue. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison

2

officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." Est. of Miller by Chassie v. Marberry, 847 F.3d 425, 428 (7th Cir. 2017). Neither do they become liable for not responding to a grievance.

For these reasons, the court:

(1) GRANTS Shawn Marshall leave to proceed against Chaplin Croto and Warden Hyatt in their individual capacities for nominal and punitive damages for preventing him from being served meals before sunrise and after sunset so he could celebrate Ramadhan in April 2022 in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Mike Gapski;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Chaplin Croto and Warden Hyatt at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Chaplin Croto and Warden Hyatt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 31, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
