## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

SHAWN MARSHALL,

   Plaintiff,

   v.         CAUSE NO. 3:23-CV-12-JTM-AZ

CROTO and HYATT,

   Defendants.

### OPINION and ORDER

Shawn Marshall, a prisoner without a lawyer, is proceeding in this case "against Chaplin Croto and Warden Hyatt in their individual capacities for nominal and punitive damages for preventing him from being served meals before sunrise and after sunset so he could celebrate Ramadhan in April 2022 in violation of the First Amendment[.]" (DE # 20 at 3.) The defendants filed a motion for summary judgment, arguing Marshall didn't exhaust his administrative remedies before filing suit. (DE # 33.) Marshall filed a response and the defendants filed a reply. (DE ## 40, 43.) The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

The defendants argue Marshall didn't exhaust his administrative remedies before filing this lawsuit because he never submitted any relevant grievance. (DE # 34 at 4-6.) They provide an attestation from the Grievance Specialist that he never received any relevant grievance from Marshall related to his claim in this lawsuit. (DE # 33-1 at 6.)

Marshall concedes he never fully exhausted any relevant grievance. The court therefore accepts that as undisputed. Instead, he argues his administrative remedies were unavailable because he submitted relevant grievances but never received any receipt or response from the grievance office. (DE # 40 at 1-2.) Specifically, he provides evidence he submitted a grievance on April 7, 2022, complaining he had been taken off the Ramadhan list. (DE # 40-1 at 1.) He never received any receipt or response from the grievance office. (DE # 40 at 1.) On April 20, 2022, Marshall submitted a new grievance complaining he had not received any receipt or response to his April 7 grievance. (DE # 40-1 at 3.) Marshall never received any receipt or response to his April 20 grievance. (DE # 40 at 2.) On April 27, 2022, Marshall submitted a "Request for Interview" form to the Grievance Specialist, informing him he submitted two grievances but never received any receipt or response. (DE # 40-1 at 2.) Marshall never received any response to his Request for Interview form. (DE # 40 at 2.)

Here, Marshall has provided undisputed evidence he exhausted all remedies that were available to him. Specifically, it is undisputed he submitted two grievances complaining of his removal from the Ramadhan list, but never received any receipt or response from the grievance office. The Offender Grievance Process provides that, if an

inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." (DE # 33-2 at 9.) Marshall complied with this requirement by submitting a second grievance and a Request for Interview form to the Grievance Specialist notifying him of the lack of response to his grievance, but still he received no response. This left him without any further available remedies to exhaust.

In their reply, the defendants argue that, even assuming Marshall submitted these grievances and received no receipt or response from the grievance office, he still had available remedies he didn't exhaust because the grievance process required him to appeal his unanswered grievances as if they had been denied. (DE # 43 at 4-5.) However, the Offender Grievance Process only provides that, "If the offender receives no grievance response within twenty (20) business days *of the Offender Grievance Specialist's receipt of the grievance*, the offender may appeal as though the grievance had been denied." (DE # 33-2 at 12 (emphasis added)). Here, because the Grievance Specialist never issued any receipt for either of Marshall's grievances, there is no evidence the grievance process allowed Marshall to appeal these grievances as if they had been denied.

Accordingly, because the undisputed facts show Marshall exhausted all remedies available to him, the defendants have not met their burden to show Marshall had

available administrative remedies he didn't exhaust. For these reasons, the defendants'

motion for summary judgment (DE # 33) is **DENIED**.

**SO ORDERED.**

Date: September 24, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT